[Civ. No. 4233.   Fourth Dist.   July 25, 1951.]

JOHN H. BISOGNO et al., Respondents, v. JOSEPH H. BROWNE et al., Appellants.

J. Dean La Motte for Appellants.

Ruel Liggett and Roy M. Cleator for Respondents.

MUSSELL, J.—Plaintiffs and defendants in this action seek a determination and declaration of the true common boundary line between their respective properties. Both parties obtained title from common grantors, Ernest D. Drake and his wife, who, in 1945, were the owners of a certain tract of land in San Diego County described as follows: "The North 6 acres of the West 8 acres of the South one-half of the Southwest one-quarter of the Northwest one-quarter of Section 20, Township 9 South, Range 3 West, S.B.M., in the County of San Diego, State of California." The west boundary line of this property is the north and south section line in the center of a county road, 40 feet in width, known as Stage Coach Lane. In April, 1945, the Drakes sold and conveyed to Bernard Burton and his wife approximately .81 of an acre in the southwest corner of said 6-acre tract and the deed described the property so conveyed as: "The West 187 feet of the South 175 feet of the North 6 acres of the West 8 acres of the South one-half of the

Southwest one-quarter of the Northwest one-quarter . . ." (of said section.) On May 8, 1946, the Drakes conveyed to the Burtons an additional 15 feet to the east, which was described in the deed as: "The East 15 feet of the West 202 feet of the South 175 feet" (of the same 6 acres). By these conveyances Burton and his wife acquired from the Drakes a plot measuring, overall, 175 feet north and south by 202 feet east and west; the west boundary line being the north and south section line in the center of Stage Coach Lane.

On June 20, 1947, Drake and his wife deeded all of their remaining part of the 6-acre tract to the plaintiffs Bisognos and the deed described the 6-acre tract as first herein described, excepting the westerly 202 feet of the southerly 175 feet.

In July, 1947, the defendants Browne bought the Burton property and their deed called for "The West 202 feet of the South 175 feet of the North 6 Acres" (etc.).

The evidence shows that when Burton and his wife purchased from the Drakes, in locating the boundaries on the site, they measured 187 feet eastward from the east line of Stage Coach Lane instead of from the section line in its center; thus mistakenly including an additional 20-foot strip on the east side of their property, not conveyed by their deed. Likewise, when the Brownes acquired their title, the Burtons pointed out to them the easterly line of their property as theretofore erroneously measured by the Drakes and the Burtons on the ground. It appears that the Burtons and the Brownes believed that the true east boundary of their property was as pointed out to them on the ground and was 20 feet farther east than called for in their deeds.

Plaintiff John Bisogno testified that at the time he purchased his property there were no fences marking the boundaries of the Burton property; that he did not go on the premises when he made the purchase; that he bought the property according to the "paper description"; that he, in company with Mr. Burton and Mr. Drake, visited the property before his (Bisogno's) escrow was closed and were unable to find the surveyor's marks; that when they walked over the land on this occasion he observed that the Burtons were living on the property and had improved it with a residence, avocado trees, a garden and a shed; that he did not know the dimensions of the land occupied by the Burtons and did not measure his property until a few months after the Brownes moved in; that there was no dispute as to the boundary line until Browne started measuring his property several months after he had acquired it.

The trial court found that when the plaintiffs purchased

their land from the Drakes, they saw the property or area then being used and occupied by the Burtons, but they made no measurements of any of the boundaries, either of the land they bought from the Drakes or the land then occupied by the Burtons and did not know of any dispute, discrepancy or question as to the location of the easterly boundary line then claimed by the Burtons; that they believed that the conveyances to them and to the Burtons truly described the land claimed and occupied by the Burtons; that the plaintiffs were in all respects bona fide purchasers in good faith without any actual or constructive notice of any disputes, discrepancies or questions as to boundaries. These findings are supported by substantial evidence.

Appellants' principal contention is that the plaintiffs acquired their property with constructive notice of the occupancy of the Burtons and they were therefore estopped from asserting their title as shown by the deed to them. It was for the trial court to determine whether the possession by the Burtons was of such character as to give notice of the rights of the plaintiffs or put them upon inquiry with reference thereto, and to determine the ultimate fact of notice. (*Keese* v. *Beardsley*, 190 Cal. 465, 474 [213 P. 500, 26 A.L.R. 1538].)

While the evidence indicates that the Burtons might have established title to the disputed strip as against the Drakes, and, likewise, the Brownes might have had an action to establish such title as against the Burtons, these matters were not known to plaintiffs who purchased the property, relying upon the description contained in their deed and upon a certificate of title showing the property purchased by them. While the plaintiffs went on their property after the escrow was opened and observed improvements made by the Burtons, they did not measure the Burton property on the ground and from an inspection such as was made by them, it cannot be said that they should have observed that the Burtons were occupying more land than called for in their deed. Under the circumstances disclosed by the record, the plaintiffs were entitled to rely on the description contained in their deed from the Drakes. The evidence shows that the dispute as to the boundary lines did not arise until long after plaintiffs had purchased their property and no prescriptive rights were shown to have been acquired by the defendants.

Judgment affirmed.

Barnard, P. J., concurred.